RICHARD E. MURPHY, JR., AND NANCY D. MURPHY, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 42417–84.      Filed June 6, 1985.

*Don S. Harnack,* for the petitioners.
*Thomas J. Kane* and *Phyllis W. Greenblum,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent's motion for summary judgment was assigned to Special Trial Judge Francis J. Cantrel

for hearing, consideration, and ruling thereon.[1] After a review of the record, we agree with and adopt his opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is before the Court on respondent's Motion for Summary Judgment, filed on March 22, 1985, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]

The case was set for hearing at the motions session of the Court on April 24, 1985, at which time respondent's counsel appeared and presented argument. Counsel for petitioners was not present; however, his office advised the Court that a response to respondent's motion had been mailed to the Court. Rather than a response, the Court received and filed on April 24, 1985, petitioners' motion for summary judgment and an accompanying Memorandum. We have fully considered those documents in our disposition of respondent's motion.

Respondent issued a notice of deficiency to petitioners on October 18, 1984, in which he determined a deficiency in Federal income taxes for the taxable calendar year 1981 in the amount of $38,753.04. This amount was determined by applying the alternative minimum tax provisions of sections 55 to 58[3] to petitioners' reported income, deductions, and credits in their joint return.

Petitioners lived in Winnetka, Illinois, at the time they filed their timely petition in which they claimed that the alternative minimum tax provisions were not applicable to them.

Petitioners computed their taxes for 1981 based upon the maximum tax on personal service income. The undisputed section 1348 taxes were computed as follows:

---

[1]This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]All section references are to the Internal Revenue Code of 1954 as amended.

| | |
|---|---:|
| Personal service net income........................................... | $364,341.48 |
| Corrected taxable income ............................................. | 184,847.87 |
| Tax preference items, *other than capital* | |
| *gain deduction* (sec. 1348(b)(2)(B)) .................................. | 0 |
| Personal service taxable income (sec. 1348(b)(2)(A)).............. | 184,847.87 |
| Less: Amount from sec. 1348(a)(1).................................. | (60,000.00) |
| | 124,847.87 |

| | |
|---|---:|
| Amount from sec. 1348(a)(2)......................................... | 62,423.94 |
| Excess of sec. 1 tax (without regard to sec. 1348 over | |
| tax computed solely on personal service income............... | 19,678.00 |
| Less: Rate reduction credit (1.25%)................................. | (245.98) |
| Maximum tax on personal service income ....................... | [4]81,855.96 |

Respondent calculated petitioners' taxes based on the alternative minimum tax provisions, allowing petitioners' use of the maximum tax on personal service income, as follows:

| | |
|---|---:|
| Corrected taxable income ............................................. | $184,847.87 |
| Less: Zero bracket amount (sec. 55(b)(1)(A)) ...................... | (3,400.00) |
| | 181,447.87 |

| | |
|---|---:|
| Increased by: Sum of tax preference items | |
| for adjusted itemized deductions.................................. | 0 |
| Capital gain deduction (sec. 55(b)(1)(C))........................... | 344,604.00 |
| Alternative minimum taxable income (sec. 55(b)(1)) ........... | 526,051.87 |
| Amount taxable at 10% – $40,000.................................. | 4,000.00 |
| Amount taxable at 20% – $40,000.................................. | 8,000.00 |
| Amount taxable at 25% – 426,051.87 (sec. 55(a)(1)) ........... | 106,512.97 |
| Tentative alternative minimum tax ................................ | 118,512.97 |
| Less: Regular tax – (sec. 55(b)(2))................................... | (79,760.45) |
| Alternative minimum tax............................................. | 38,753.00 |
| | (rounded to |
| | nearest dollar) |

The issue for decision in this case is whether the alternative minimum tax provisions of sections 55 to 58 apply to individuals who have calculated their taxes according to section 1348, which sets forth a 50-percent maximum rate on personal service income.

Respondent asserts that the alternative minimum tax is applicable to petitioners because petitioners' taxable income

---

[4]These computations reflect petitioners' taxes as shown on their 1981 return and their amended return dated Apr. 14, 1982. The corrected items shown on the amended return bear no relevance to the issues in this case.

falls within the parameters set forth in section 55, and no provisions extricate petitioners from application of the alternative minimum tax.

Petitioners, on the other hand, argue that because they fit within the provisions of section 1348 (50-percent maximum tax on personal service income) their income is not further subject to the alternative minimum tax. They cite the legislative history of the original provision and the 1978 amendment to section 1348 to support their theory.

For the reasons we discuss herein, we hold that calculation of an individual's taxes pursuant to section 1348 does *not* preclude application of the alternative minimum tax provisions where the individual's income also comes within the plain language of section 55.

The relevant portions of sections 55, 57, and 1348, which were in effect in 1981, are set out below:

SEC. 55. ALTERNATIVE MINIMUM TAX FOR TAXPAYERS OTHER THAN CORPORATIONS.

(a) ALTERNATIVE MINIMUM TAX IMPOSED.—In the case of a taxpayer other than a corporation, if—

(1) an amount equal to the sum of—

(A) 10 percent of so much of the alternative minimum taxable income as exceeds $20,000 but does not exceed $60,000, plus

(B) 20 percent of so much of the alternative minimum taxable income as exceeds $60,000 but does not exceed $100,000, plus

(C) 25 percent of so much of the alternative minimum taxable income as exceeds $100,000, exceeds

(2) the regular tax for the taxable year,

then there is imposed (*in addition to all other taxes imposed by this title*) a tax equal to the amount of such excess.

(b) DEFINITIONS.—For purposes of this section—

(1) ALTERNATIVE MINIMUM TAXABLE INCOME.—The term "alternative minimum taxable income" means gross income—

(A) reduced by the sum of the deductions allowed for the taxable year,

(B) reduced by the sum of any amounts included in income under section 86 or 667, and

(C) increased by an amount equal to the sum of the tax preference items for—

(i) adjusted itemized deductions (within the meaning of section 57(a)(1)), and

(ii) capital gains (within the meaning of section 57(a)(9)).

For purposes of subparagraph (A), a deduction shall not be taken into account to the extent such deduction may be carried to another taxable year.

(2) REGULAR TAX.—The term "regular tax" means the *taxes imposed by this chapter for the taxable year* (computed without regard to this section and without regard to the taxes imposed by sections 72(m)(5)(B), 402(e), 408(f), 409(c), and 667(b)) reduced by the sum of the credits allowable under subpart A of part IV of this subchapter (other than under sections 31, 39 and 43). For purposes of this paragraph, the amount of the credits allowable under such subpart shall be determined without regard to this section.

(3) TREATMENT OF ZERO BRACKET AMOUNT.—In the case of an individual who does not itemize his itemized deductions, the zero bracket amount shall be treated as a deduction allowed.
[Emphasis added.]

\* \* \* \* \* \* \*

## SEC. 57. ITEMS OF TAX PREFERENCE.

(a) IN GENERAL.—For purposes of this part, the items of tax preference are—

\* \* \* \* \* \* \*

(9) CAPITAL GAINS.—

(A) INDIVIDUALS.—In the case of a taxpayer other than a corporation, an amount equal to the net capital gain deduction for the taxable year determined under section 1202.

\* \* \* \* \* \* \*

## SEC. 1348. 50-PERCENT MAXIMUM RATE ON PERSONAL SERVICE INCOME.

(a) GENERAL RULE.—If for any taxable year an individual has personal service taxable income which exceeds the amount of taxable income specified in paragraph (1), the tax imposed by section 1 for such year shall, unless the taxpayer chooses the benefits of part I (relating to income averaging), be the sum of—

(1) the tax imposed by section 1 on the highest amount of taxable income on which the rate of tax does not exceed 50 percent,

(2) 50 percent of the amount by which his personal service taxable income exceeds the amount of taxable income specified in paragraph (1) of this subsection, and

(3) the excess of the tax computed under section 1 without regard to this section over the tax so computed with reference solely to his personal service taxable income.

(b) DEFINITIONS.—For purposes of this section—

(1) PERSONAL SERVICE INCOME.—

(A) IN GENERAL.—The term "personal service income" means any income which is earned income within the meaning of section 401(c)(2)(C) or section 911(b) or which is an amount received as a pension or annuity which arises from employer-employee relationship or from tax-deductible contributions to a retirement plan. \* \* \*

(2) PERSONAL SERVICE TAXABLE INCOME.—The personal service taxable income of an individual is the excess of—

(A) the amount which bears the same ratio (but not in excess of 100 percent) to his taxable income as his personal service net income bears to his adjusted gross income, over

(B) the sum of the items of tax preference described in subsection (a) (other than paragraph (9)) of section 57 for the taxable year.

Contrary to petitioners' stance, the interworkings of these provisions carry out congressional intent.[5] Section 55 on its face clearly applies "in addition to all other taxes imposed by" the Internal Revenue Code. See *Huntsberry v. Commissioner*, 83 T.C. 742 (1984). Cf. also *Lubus v. United States*, 573 F.2d 1292 (2d Cir. 1978) (dealing with the scope of former section 56 as applied to the individual minimum tax). The alternative minimum tax is the formulated excess set out in section 55 over the "regular tax." The section 55 tax, although denominated an alternative tax, is actually imposed only if and to the extent that the alternative tax computation *exceeds* the taxpayer's regular liability. *Warfield v. Commissioner*, 84 T.C. 179 (1985); S. Rept. 95–1263, 1978–3 C.B. (Vol. 1) 499. Section 55(b)(2) also makes it clear that the regular tax includes all other income taxes. Although that section enumerates certain exceptions, it does *not* list as one of the exceptions the tax imposed by section 1348. Section 1348 is an income tax within the same chapter (chapter 1) of the Internal Revenue Code as section 55.

The alternative minimum tax is imposed on "alternative minimum taxable income," which is gross income reduced by certain deductible items and increased by certain tax preference items. Sections 55(b)(1)(C)(ii) and 57(a)(9) provide that the net capital gain deduction is an item of tax preference which increases a taxpayer's gross income to reach the alternative

---

[5] Petitioners and respondent each cite legislative history of both secs. 55 and 1348 to support their respective positions. In *Huntsberry v. Commissioner*, 83 T.C. 742, 747–748 (1984), also a case dealing with sec. 55, we stated that where a statute is clear on its face we will ordinarily not inquire into legislative purposes to override the plain meaning of the statute. Plainly, sec. 55 means that the alternative minimum tax should be applied as we direct herein. Furthermore, we held that no good reason existed not to apply sec. 55 as written. *Huntsberry v. Commissioner, supra* at 745–746.

Moreover, the legislative history of sec. 55 makes the Congress' intent clear that it wished to impose the alternative minimum tax in addition to all other income taxes. S. Rept. 95–1263, 1978–3 C.B. (Vol. 1) 501. Petitioners' reliance on portions of the legislative history of sec. 1348 simply does not support their position.

minimum taxable income.[6] This net capital gain deduction is excluded from the taxpayer's personal service taxable income for purposes of calculating the regular tax pursuant to section 1348.

In effect, for those taxpayers who have both high personal service income and high capital gain, these two taxing provisions place a cap on the tax of their personal service income, but allow the alternative minimum tax to come into play on the net capital gain deduction so that these taxpayers will pay at least the minimum amount of tax with respect to large capital gains. H. Rept. 95–1445, 1978–3 C.B. (Vol. 1) 296. See also *Warfield v. Commissioner, supra.* We therefore grant respondent's motion for summary judgment and deny petitioners' motion for summary judgment.

*Decision will be entered for the respondent.*

---

[6]Sec. 1202 provides that 60 percent of the amount of a taxpayer's net capital gain shall be deducted from gross income.